■ Mary Nolls, Also Known as Mary Noles, Appellant-Respondent, v. Coral Records, Inc., Respondent-Appellant, et al., Defendants.— In an action pursuant to section 50 *et seq.* of the Civil Rights Law, the parties cross-appeal as follows: (1) the plaintiff appeals from an order of the Supreme Court, Kings County, made July 10, 1961 after trial, which granted the motion of defendant Coral Records, Inc., and which set aside as excessive the jury's verdict of $20,000 in plaintiff's favor and directed a new trial upon her default in accepting the reduced sum of $2,000 as fixed by the court; and (2) the said defendant appeals from so much of such order: (a) as conditioned the setting aside of the verdict and the granting of the new trial upon plaintiff's failure within 30 days to accept the reduced sum of $2,000, and as failed to do so unconditionally; and (b) as failed to grant said defendant's motions to dismiss the complaint. Order

modified on the law and the facts as follows: (1) by striking out its first and second decretal paragraphs setting aside the jury's verdict and granting a new trial by reason of plaintiff's failure, within the 30-day period prescribed, to accept the reduced sum of $500 as compensatory damages and $1,500 as exemplary damages; and (2) by substituting therefor two paragraphs: (a) a paragraph granting the motion of said defendant Coral Records, Inc., and setting aside the jury's verdict and directing a new trial unless, on or before February 15, 1965, the plaintiff shall have served and filed a written stipulation consenting to reduce the total sum of the jury's verdict to $2,000, and consenting to the entry of judgment in plaintiff's favor accordingly, with costs to her against the defendant Coral Records, Inc.; and (b) a paragraph that, in the event such stipulation shall have been served and filed then the said defendant's motion to set aside the verdict and for a new trial is denied unconditionally; and in the event that such stipulation shall not have been served and filed within the time prescribed, then such motion is granted unconditionally. As thus modified, the order, insofar as appealed from by the respective parties, is affirmed, with costs to the plaintiff against defendant Coral Records, Inc. if such stipulation shall be served and filed, and with costs to the said defendant against the plaintiff if such stipulation shall not be served and filed. In our opinion, under all the circumstances, the trial court's reduction of the jury's verdict to the total sum of $2,000 was justified. Accordingly, we are affording plaintiff a further opportunity until February 15, 1965 to accept this reduced sum, with costs of the action and of the appeal, in lieu of a new trial. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.